UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANTHONY N. THOMPSON | * | CIVIL ACTION NO: |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| THE ALABAMA GREAT SOUTHERN RAILROAD COMPANY | * * | MAGISTRATE DIVISION: |

**************************************

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes the Plaintiff, Anthony N. Thompson, a person of full age and majority residing and domiciled in Orleans Parish, Louisiana who respectfully represents as follows:

1. This Honorable Court possesses federal question jurisdiction with regard to Plaintiff's claims against his railroad employer Defendant, The Alabama Great Southern Railroad Company ["AGS"], by virtue of 28 U.S.C. § 1331.

2. Plaintiff's claims against AGS arise under the provisions of the Federal Employer's Liability Act ["FELA"], 45 U.S.C. § 51, *et seq*.

3. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(c) as the Defendant, AGS, owns, operates, and maintains trains, rail yards, and mainline railroad tracks in Orleans Parish, resulting in AGS having sufficient minimum contacts in the Eastern District of Louisiana to establish venue in this Court.

4. The Defendant, AGS, is a non-Louisiana business corporation with its principal business establishment in Louisiana in the Parish of Orleans, doing business under the name Alabama

Great Southern Railroad, and as such, engages in interstate commerce as a common carrier by railroad.

5.      This cause of action arises under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, commonly referred to as the FELA, to recover damages for personal injuries sustained by the Plaintiff, a conductor, while employed by his railroad employer Defendant, AGS; the injuries sustained occurred in the line of duty while Plaintiff was engaged in AGS's principal business of transporting freight in interstate commerce.

6.      Defendant, AGS, is liable to its employee, the Plaintiff, Anthony N. Thompson, for all of the damages he sustained, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings for the following reasons to-wit:

7.      On or about May 25, 2011, the Defendant, AGS was engaged in switching and coupling rail cars loaded with calcium in its yard located in Hattiesburg, Mississippi as part and parcel of its business of moving freight in interstate commerce; Defendant, specifically through its agents, servants, or employees, engaged in the acts of switching and coupling together rail cars in interstate commerce, those acts being necessary to assemble trains traveling in interstate commerce between the various states.

8.      As part of this switching and coupling operation, on the above-mentioned date, Defendant had employed Plaintiff as one of its conductors when it negligently injured Plaintiff working aboard said equipment; specifically, on May 25, 2011, Plaintiff was carrying out his employment duties as a conductor foreman on Track #3, doing Yard Job A47, on a locomotive engine in furtherance of coupling and switching the Defendant's railroad hopper cars, which he

was accomplishing in his usual and customary safe manner.

9. In so doing, the Defendant, through its agents, servants, and/or employees, carelessly, recklessly, and/or negligently caused the locomotive engine to abruptly slam into another cut of rail cars due to the failure of the locomotive brakes to operate properly on the locomotive engine on which Plaintiff was working, thereby causing Plaintiff to violently crash into the inside wall of the cab in which he was working causing numerous bodily injuries, including, but not limited to, severe spine injuries, back injuries, and shoulder injuries.

10. Plaintiff avers that at the time of his injuries, he was an able-bodied railroad worker, that as a direct cause of Defendant's negligence under the Federal Employer's Liability Act (FELA), Plaintiff received severe and debilitating injuries to his body, *inter alia*, requiring continued orthopedic intervention and surgery resulting in physical pain as well as economic loss for lost wages, fringe benefits and unpaid medical expenses for which he demands full recovery.

11. Plaintiff further avers that Defendant, through their agents, servants, and employees negligently and carelessly failed to provide him with a reasonably safe place to work in violation of the provisions of the FELA, 45 U.S.C. § 51, *et seq.*, thereby causing and/or contributing to the aforementioned accident; and the negligence of AGS includes, but is not limited to the following acts to-wit:

    A. In that AGS, in violation of its non-delegable duty, failed to provide Plaintiff with a reasonably safe place to work;

    B. In that AGS failed to provide safe working conditions, and properly located equipment where Plaintiff was performing his duties in the manner required by Defendant;

    C. In that AGS failed to provide proper assistance to Plaintiff to perform his duties;

    D. In that AGS failed to exercise due care and caution commensurate with the surrounding circumstances; and

    E. In that the malfunction of the independent brake on the locomotive engine in the possession and control of AGS renders it absolutely liable under the Federal Safety Appliances Act, 49 U.S.C. § 20302.

    F. In that the locomotive, its parts and appurtenances, were not in proper condition and safe to operate without unnecessary danger of personal injury, rendering AGS absolutely liable under the Locomotive Inspection Act, 49 U.S.C.A. § 20701, *et seq*, and other regulations enacted in title 49 of the Code of Federal Regulations.

    G. Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

12. Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

    A. Physical Pain and Suffering, Past and Future;

    B. Mental Pain and Suffering, Past and Future;

    C. Potential Permanent Disability;

    D. Loss of Enjoyment of Life;

    E. Past Lost Wages;

    F. Potential Future Lost Earnings and Fringe Benefits;

    G. Unpaid Past Medical Expenses;

13. Plaintiff reserves the right to supplement and amend this Complaint, as additional facts become known to him.

14. Plaintiff is entitled to and demands a trial by jury.

WHEREFORE, Plaintiff, Anthony N. Thompson, prays that Defendant, the Alabama Great Southern Railroad Company, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of the Plaintiff, Anthony N. Thompson, and against the Defendant, the Alabama Great Southern Railroad Company, for all sums reasonable in the premises, together with legal interest thereon from the date of judgment, until paid, for all costs of these proceedings and for all general and equitable relief.

Date:  April 16, 2013

                    Respectfully Submitted,

                    **DAVIS • SAUNDERS LAW FIRM**

BY:     */s/ Carisa German-Oden*
                    **CARISA GERMAN-ODEN #31463**
                    **JOSEPH M. MILLER #30636**
                    **BENJAMIN B. SAUNDERS #11733**
                    400 Mariners Plaza Drive, Suite 401
                    Mandeville, Louisiana  70448
                    Telephone: (985) 612-3070
                    Facsimile:  (985)612-3072

                    **Attorneys for Plaintiff,**
                    **ANTHONY N. THOMPSON**