UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ANTHONY N. THOMPSON                           CIVIL ACTION

VERSUS                                        NO. 13-921

THE ALABAMA GREAT SOUTHERN                    SECTION "F"
RAILROAD COMPANY

ORDER AND REASONS

Before the Court is defendant's motion for partial summary judgment. For the reasons that follow, the motion is DENIED.

Background

This is a personal injury case arising under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51.

On May 25, 2011, Anthony Thompson was working for Alabama Great Southern Railroad Company (AGS) as a conductor on a light locomotive engine in its Hattiesburg, Mississippi railroad yard. Around 6:00 a.m., the locomotive engine headed northward into the Old Main Track to couple up to three railcars scheduled for delivery to Picayune, Mississippi. As the engine approached the railcars, locomotive engineer Uriah Parish attempted to apply the independent brake, but it would not respond. The engine collided with the railcars at a speed of about 8 miles per hour. Thompson sustained injuries to his back and right-shoulder, which have ended his career.

On April 16, 2013, Thompson sued AGS, asserting claims of negligence under FELA and strict liability under the Federal Safety

-1-

Appliance Act (FSAA), 49 U.S.C. § 20302, and the Locomotive Inspection Act (LIA), 49 U.S.C. § 20701. Thompson contends that AGS is strictly liable for his injuries because it failed to ensure that the independent brake was in proper condition and safe to operate. AGS now moves for partial summary judgment on the FSAA and LIA claims.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett,

477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II. Law & Application

Under FELA, an injured railroad employee may bring a cause of action without proof of negligence based on the failure of safety appliances mandated by either the FSAA, 49 U.S.C. § 20302, or the LIA, 49 U.S.C. § 20701. The FSAA and the LIA impose strict liability on railroad carriers for their violations of safety standards. Under the FSAA, any vehicle used on a railroad line must be equipped with "efficient hand brakes." 49 U.S.C. § 20302(a)(1)(B). Under the LIA, a locomotive may only be used on a railroad line when "its parts and appurtenances . . . are in proper condition and safe to operate without unnecessary danger of personal injury." 49 U.S.C. § 20701(1).

The LIA's coverage is not limited to defects in construction

or mechanical operation.  Lily v. Grand Trunk W. R. Co., 317 U.S. 481, 487 (1943).  "Conditions other than mechanical imperfections can plainly render equipment unsafe to operate without unnecessary peril to life or limb."  Id. at 488; see also S. Ry. Co. v. Bryan, 375 F.2d 155, 158 (5th Cir. 1967)(holding that "[t]he employee did not have to show the existence of a defect" to establish strict liability under the Boiler Inspection Act, the LIA's predecessor statute).  Similarly, with respect to the FSAA, "[p]roof of an actual break or physical defect . . . is not a prerequisite to finding that the statute has been violated." Myers v. Reading Co., 331 U.S. 477, 483 (1947).  Instead, the plaintiff need only present "proof that the mechanism failed to work efficiently and properly even though it worked efficiently and properly before and after the occasion in question."  Id.  "The test in fact is the performance of the appliance."  Id.

    Defendant contends that summary judgment on plaintiff's FSAA and LIA claims is appropriate because there is no evidence that the independent brake malfunctioned or was defective. Defendant concedes that the independent brake did not work at the time of the incident, but argues that it was not damaged; the argument goes, it had somehow been flipped into the "off" position.  Defendant maintains that without a mechanical defect or malfunction, plaintiff's FSAA and LIA claims are foreclosed.  But, the plain language of the statutes and the case law clearly establish that no

"physical defect" is required.  See, e.g., Myers, 331 U.S. at 483; Lily, 317 U.S. at 487.  The Court is therefore persuaded that genuine disputes exist regarding whether or not the independent brake functioned efficiently, was in proper working condition, and was safe to operate at the time of the incident.  49 U.S.C. § 20302; 49 U.S.C. § 20701.

Accordingly, the motion for partial summary judgment is DENIED.

New Orleans, Louisiana, March 12, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE