UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY N. THOMPSON                                     CIVIL ACTION

V.                                                      NO. 13-921

THE ALABAMA GREAT
SOUTHERN RAILROAD CO.                                   SECTION "F"

ORDER

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed no later than eight days prior to the noticed submission date. No memoranda in opposition to the defendant's Rule 41(b) motion to dismiss for failure to prosecute, noticed for submission on November 14, 2018, has been submitted.

Accordingly, because the motion is deemed to be unopposed, and further, it appearing to the Court that the motion has merit,[1]

---

[1] This is a motion to involuntarily dismiss the plaintiff's claims for failure to prosecute. On April 14, 2014, this Court held an in-chambers conference with the plaintiff and counsel for both parties, during which plaintiff provided a letter to the Court, terminating his counsel and requesting a stay of the trial so he could hire replacement counsel. Based on this letter, the Court administratively closed the case, "to be reopened upon an appropriate and timely motion at such time as plaintiff employs replacement counsel of record." The defendant now moves to involuntarily dismiss the case for failure to prosecute.
  More than four and a half years have elapsed since the Court administratively closed this case. During that time, the plaintiff has taken no steps to indicate that he has retained new counsel or is ready to proceed with this lawsuit. Moreover, the defendant contends that the plaintiff's unreasonable delay has prejudiced defendant's ability to put on a defense because witnesses' memories

IT IS ORDERED: that the defendant's motion to dismiss is GRANTED as unopposed.  The case is hereby DISMISSED with prejudice.

                            New Orleans, Louisiana, November 14, 2018

                                      _____
                                        MARTIN L.C. FELDMAN
                                    UNITED STATES DISTRICT JUDGE

---

and testimony would not be as strong as they were in 2014.  In other words, the defendant submits that the evidence is no longer "fresh."  The Fifth Circuit has reasoned that "only an 'unreasonable delay' will support a dismissal for lack of prosecution."  <u>Ramsay v. Bailey</u>, 531 F.2d 706, 708 (5th Cir. 1976). The plaintiff's inexcusable inaction over the past four and a half years, coupled with his failure to submit an opposition to this motion, indicates that he has abandoned this lawsuit and informs that dismissal under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate.